JOSEPH M. FRICK, Respondent, *v.* JOHN WHITE et al., Appellants.

In an action upon a liquidated demand held by plaintiff, as assignee, an unliquidated claim for damages for breach of contract, existing in favor of defendant against the assignor at the time of the assignment, is not a proper set-off.

Plaintiff brought his action, as assignee, to recover the balance of an account for coal sold by his assignors to defendants at stipulated prices. Defendants set up in their answer substantially that plaintiff's assignors, prior to the assignment, sold and agreed to deliver to them 400 tons of coal at six dollars per ton; that said assignors failed to perform said contract; that said coal rose in value to $7.50 per ton on or before the date of the assignment, and that defendants, before that date, suffered damage in the sum of $600, " which they will offset against the claim of the plaintiff in this action." Plaintiff demurred. *Held* (REYNOLDS and EARL, CC., dissenting), that the facts set forth did not constitute a counter-claim; that as there was no allegation as to whether the increase in value took place before or after, or at the time of the breach, the amount of defendants' claim was not ascertainable by calculation; that the statement of the amount of damages was a legal conclusion, and under the answer the amount could not be reached save by the intervention of a jury; and that, therefore, defendants' claim, as set up, being for unliqui-

dated damages, was not a proper set-off, and the demurrer was properly sustained.

(Submitted October 1, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of the plaintiff, entered upon an order sustaining a demurrer to the defendants' answer.

The complaint in this action alleged, in substance, that, in December, 1868, the firm of Davis, Fales & Co. sold and delivered a quantity of coal to the defendants, at prices agreed to be paid by them, amounting in all to $1,232, on account of which the sum of $629.59 had been paid at the time this action was commenced, leaving a balance then due of $602.41. That the said firm of Davis, Fales & Co., on the 31st day of December, 1868, and before the commencement of this action, duly assigned said account to plaintiff, who claimed to recover said balance.

These facts were not denied by the answer, but it contained these averments "for a counter-claim against the plaintiff's assignors and as an offset to the claim of the plaintiff:" That the said company, on or about the 28th day of October, 1868, sold and agreed to deliver to the defendants 400 tons of white ash nut coal, at six dollars per ton, on dock at New York city, which the said company guaranteed to be good, merchantable coal, for which the defendants were to give cash sight drafts on receipt of bill of lading, insured. And then, after averring readiness at all times to receive and pay for the said coal according to the said agreement, and that defendants have duly performed all the conditions thereof on their part, " that the said Davis, Fales & Co. neglected and refused to deliver said coal, which rose in value to $7.50 per ton on or before the 31st day of December, 1868, and that by reason thereof these defendants suffered loss and damage in the sum of $600 before the time of the alleged assignment to the plaintiff of the assigned cause of action herein, " which amount they will offset against the claim of the plaintiff in this action."

To this answer plaintiff demurred, on the ground that it did not state sufficient to constitute a defence.

*Thomas M. Wheeler* for the appellants. The defence set up in the answer is good as a counter-claim. (Code, §§ 112, 149, 150; *Merrick* v. *Gordon*, 20 N. Y., 98.) Plaintiff having taken his assignment after the loss and damage set up in the answer had accrued, took it subject to all equities and defences against his assignors. (Code, § 112; *Myers* v. *Davis*, 20 N. Y., 491; *Bush* v. *Lathrop*, id., 538; *Beckwith* v. *Union Bk.*, 9 id., 212; *Cummings* v. *Morris*, 3 Bosw., 573.) The amount of the defendants' demand can be ascertained by calculation, and, therefore, can be set off. (*Weigall* v. *Waters*, 6 D. & E., 488; *Burgess* v. *Tucker*, 5 J. R., 108; *Hackett* v. *Connell*, 2 Edws. Ch., 75; *Livingston* v. *Livingston*, 4 J. Ch., 292; *Brown* v. *Cuming*, 2 Cai., 37, 38; *McCord* v. *Williams*, 2 Ala., 71; *Wright* v. *Smyth*, 4 W. & S., 527; *Luckie* v. *Busley*, 24 Eng. L. and Eq., 256; *Hepburn* v. *Hoag*, 6 Cow., 614, 615.) It is equitable and just that this set-off should be allowed. (*Burgess* v. *Tucker*, 5 J. R., 108; *Col. Ins. Co.* v. *Black*, 18 id., 149, 155; *Smith* v. *Felton*, 43 N. Y., 419.)

*Walter S. Poor* for the respondent. The facts set forth in the answer do not constitute a counter-claim. (Code, § 150; *Bates* v. *Rosekrans*, 37 N. Y., 409; *Vassear* v. *Livingston*, 13 id., 249; *Merrick* v. *Gordon*, 20 id., 93; *Mynderse* v. *Snook*, 1 Lans., 488; Code, § 274; *Ogden* v. *Coddington*, 2 E. D. S., 317; *Boston Mills* v. *Eull*, 6 Abb. [N. S.], 319.) The claim set forth in the answer is not available as a defence. (Code, § 112; *Beckwith* v. *Union Bk.*, 9 N. Y., 212.) The parties to the assignment are left to their remedies as they existed before the Code. (Code, § 468; *Meyers* v. *Davis*, 22 N. Y., 490; *Martin* v. *Kunzmuller*, 37 id., 396; *Wolf* v. *Charles E. H.*, 13 How., 84; *Cummings* v. *Morris*, 3 Bosw., 560.) It is not a recoupment. (*Boston Mills* v. *Eull*, 6 Abb. [N. S.], 319; *Seymour* v. *Davis*, 3 Sandf., 249; *Dunning* v. *Kemp*, 4 id., 47.) If the defence be available at all it must

be as a set-off. (*Gillespie* v. *Torrance*, 25 N. Y., 306 ; *Beck-with* v. *Union Bk.*, 9 id., 212 ; *Martin* v. *Kunzmuller*, 37 id., 396 ; *Cummings* v. *Morris*, 3 Bosw., 560.) Unliquidated damages cannot be the subject of set-off. (3 R. S. [5th ed.], 635 ; *Hepburn* v. *Hoag*, 6 Cow., 613.) The set-off must be for a certain and determinate debt. (*Duncan* v. *Lloyd*, 3 J. Ch., 351 ; *Reab* v. *McAllister*, 8 Wend., 109 ; *Gordon* v. *Brown*, 2 J. R., 150.) It must be a claim for which *indebitatus assumsit* would lie. (*Freeman* v. *Hyett*, 1 Black., 394 ; *Howlett* v. *Strickland*, Cow., 56 ; *Poulter* v. *Killingbeck*, 1 B. & P., 307 ; *Hulle* v. *Heightman*, 2 East, 145 ; *Wearn* v. *Burrows*, 1 Stra., 648 ; *Robertson* v. *Lynch*, 18 J. R., 454 ; 1 Chitty on Pl., 334.) Even if it were conceded that the damages claimed are liquidated, the defence must fail. (*Myers* v. *Davis*, 22 N. Y., 420 ; *Martin* v. *Kunzmuller*, 37 id., 396.) The answer is fatally defective, because it fails to show that plaintiff's assignor is irresponsible. (*Cook* v. *Ferrall*, 13 Wend., 285 ; *Brooklyn Oil Refinery* v. *Brown*, 38 How., 447 ; *Dunham* v. *Mann*, 8 N. Y., 508 ; *Newton* v. *Wales*, 3 Rob., 453.)

LOTT, Ch. C. There is no ground for the reversal of the judgment appealed from in this case.

It appears from the facts alleged and admitted in and by the pleadings :

1st. That the plaintiff, as assignee of Davis, Fales & Company, had, on the 31st day of December, 1868, a valid liquidated claim and good cause of action against the defendants for the sum of $602.41. 2d. That the defendants before and on that day had a valid claim and good cause of action against the said Davis, Fales & Company for a breach of contract entered into on the 28th day of October, 1868, for the sale and delivery to them of 400 tons of coal, at six dollars per ton, within a reasonable time thereafter, no specified time being named or designated for such delivery ; and 3d. That the price or value of said coal increased after the making of such contract, and on or before the said 31st day of December, 1868, to the sum of $7.50 per ton.

The question is thereby presented whether the said claim or demand, in favor of the defendants, against Davis, Fales & Company can be applied either as a counter-claim or as an offset against the said claim and demand of the plaintiff against them.

The courts below held, and properly, that it could not.

It was not good as a counter-claim, because the defendants had no cause of action or valid claim against the plaintiff for which a judgment in their favor could be ordered against him personally. There was no contract between them for or in reference to the coal mentioned in the answer. (Code, § 150, and *Vassar* v. *Livingston*, 13 N. Y., 248.)

Nor was it good or available as a set-off to the plaintiff's demand. Assuming that the breach of the contract alleged in the answer constituted a good cause of action by the defendants against the plaintiff's assignors, before the assignment of their demand to him, and was a valid and subsisting claim at the time of such assignment, it was not a debt, but a claim only, for unliquidated damages.

It is true that the answer states that the coal rose in value to the sum of $7.50 a ton on or before the 31st day of December, 1868, but there is no allegation to show whether such increase took place before or after, or at the time the coal was deliverable. There is, therefore, no basis by which the amount of the defendants' claim was capable of being ascertained by calculation.

It is also true, that it is alleged in the answer that by reason of the neglect and refusal of Davis, Fales & Company came the rise in the value of the coal as above mentioned; the defendants suffered loss and damage in the sum of $600 before the time of the assignment by that firm of their claim to the plaintiff. But that is, at most, only a deduction or conclusion resulting from and based on the previous statements, which, so far as it depended on the use in the value of the coal, fixed and established no basis for ascertaining those damages. It can, however, not be considered more than an allegation of a claim to compensation to that amount by

reason of the breach of the contract referred to, which could only be reached through the intervention of a jury by an ·examination of witnesses to establish facts by means of which the damages could be ascertained. The amount demanded was in any view of the facts alleged not liquidated or capable of being ascertained by calculation.

It follows, from what has been said, that the judgment appealed from should be affirmed with costs.

For affirmance, LOTT, Ch. C., JOHNSON and GRAY, CC.

For reversal, REYNOLDS and EARL, CC.

Judgment affirmed.