PHILLIP SCRIBNER, Respondent, *v.* MAURICE LEVY, Appellant.

*N. Y. Supreme Court, Fifth Department, General Term, April 12, 1889.*

1. *Counterclaim.—Reply.* A failure to reply to an unliquidated counterclaim, admits the counterclaim, but not the amount claimed, which must be established by proof as upon an assessment of damages.
2. *Same. Penalty.*—A penalty or forfeiture cannot be recovered, as such, in an action for a breach of the contract, but is to be regarded only as security for the actual damages sustained.
3. *Same. Dismissal.*—In an action on an assigned claim, though a liquidated counterclaim larger in amount than the said claim is admitted by a failure to reply, the defendant is entitled only to a dismissal of the complaint.

Appeal from a judgment entered on a verdict directed by the court.

*D. Lockwood*, for appellant.

*W. B. Simson*, for respondent.

DWIGHT, J.—The action was by the assignee for the benefit of creditors of the firm of " Howes Bros., Agents," to recover a balance of the contract price of goods and materials for house finishing, manufactured and sold by his assignors to the defendant; and, as a second cause of action for the price and value of a small quantity of goods outside the contract, sold and delivered by the plaintiff's assignors, to the defendant, at his request.

The contract upon which the first cause of action was based was in writing, and was executed in the name of " Howes Bros.," and described the parties of the first part by that name. But the undisputed evidence in the case

was to the effect that the firm was properly known by the name of " Howes Bros.," Agents; that it consisted of Lewis D. Howes and Sarah M. Howes, the wife of his brother; that the contract was, in fact, negotiated and executed by Lewis D. Howes, for the firm of Howes Bros., Agents; that the goods were manufactured and furnished to the defendant by the firm of Howes Bros., Agents, and the payments made thereon by the defendant were made to that firm.

The plaintiff is the assignee of Howes Bros., Agents, and, as such, brings this action.

· On the trial, the defendant moved for the direction of a verdict in his favor on the ground, in substance, that the plaintiff was not shown to be the owner of the cause of action based upon the contract in evidence, because the contract was made by the firm of Howes Bros., and the assignment to the plaintiff was made by Howes Bros., Agents. This motion was properly disposed of by the judge at the circuit, with the remark that it was immaterial in what name the contract was executed, so long as it appeared without dispute, that it was in fact executed by and for, and the dealings were had with, the firm which assigned the cause of action to the plaintiff.

The question argued on this appeal relates to the allowance of the defendant's alleged counterclaim, and was raised, if at all, by the motion of the defendant, made at the opening of the case, and renewed at the close of the plaintiff's evidence, for judgment on the pleadings, in favor of the defendant, for the excess of that counterclaim as pleaded, over the balance unpaid on the contract with the plaintiff's assignors.

The counterclaim set up by the amended answer was, first, for express charges to the amount of twelve dollars paid by the defendant at the request of the other party to the contract, which, under the contract, should have been paid by the latter: second, for money to the amount of $1,854,94, necessarily paid out by defendant to supply de-

ficiencies in the performance of the contract on the part of the other party thereto; third, for damages to the amount of $1,200 for delays in the delivery of the goods and mater ial contracted for, such damages being, as alleged, liqui- dated by the contract at the sum of ten dollars for each day's delay and the days amounting to 120. No reply was served in the action, and the motion above mentioned was made upon the ground that the counterclaim was admitted by the plaintiff as it was set up in the answer.

A marked change has been effected in the law of counter- claim by the provisions of the Code of Civil Procedure. Under the former Code, a counterclaim was required to be a cause of action existing in favor of the defendant, and against the plaintiff upon which an affirmative judgment might be had by the former against the latter. Code of Pro- cedure, section 150. Under that rule a cause of action ex- isting in favor of a defendant against the assignor of the plaintiff, could not constitute a counterclaim, although it might be pleaded as a set-off, and be applied in extinguish- ment, in whole or in part, of the claim of the plaintiff who sued as assignee, and such a plea did not require a reply to put it in issue. Vassear v. Livingston, 13 N. Y. 258 ; Frick v. White, 57 N. Y. 103.

Under the present Code, the term counterclaim, (subject to other prescribed limitations,) includes any cause of action in favor of the defendant which tends in any way to diminish or defeat the plaintiff's recovery (Code of Civil Pro- cedure, section 501), and in case of an action on an assigned demand (under conditions which include the present case), a demand existing in favor of the defendant against the plaintiff's assignor, " must be allowed as a counterclaim to the amount of the plaintiff's demand." Section 502, subd. 1. So that under the present statue such a cause of action pleaded by a defendant, is denominated a counterclaim, and is subject to the rule of pleading which requires a reply to put in issue the facts therein alleged. Section 514, 515.

The cases of Vassær *v.* Livingston and Frick *v.* White, (*supra*) and others of like import were decided under the former Code, and do not apply to cases arising under the Code of Civil Procedure.

We reach the conclusion, therefore, that the defendant's answer in this case set up a counterclaim which, except as to the amount claimed, was admitted by failure of the plaintiff to reply.

But we do not find that the defendant, on the trial, availed himself of the advantage given him by the state of the pleadings. All the items of this counterclaim were for alleged damages sustained by him by reason of failure of the plaintiff's assignors to perform the contract on their part, and those damages were unliquidated. The counterclaim was not for "a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation only." (Code of Civ. Pro., § 419) and therefore the amount claimed was not admitted by failure to reply, but required to be established by proof as upon an assessment of damages. Code, §§ 512, 1215.

It is true that the third item of counterclaim, as heretofore stated, was alleged to be for damages liquidated by the contract; but the contract itself was in evidence, and by its terms the $10 *per diem* there mentioned, was stipulated to be by way of forfeiture and not as liquidated damages. There seems to be nothing in the case to show that the intention of the parties, in this particular, was other than that expressed by the contract, and it is a settled rule of law that a penalty or forfeit cannot be recovered, as such, in an action for a breach of the contract, but it is to be regarded only as security for the actual damages sustained. Sedgwick on the Measure of Damages (2d ed.), p. 398; 2 Greenleaf on Evidence, § 258; Colwell *v.* Lawrence, 38 N. Y. 71.

But even if the sum of $10 *per diem* were to be regarded as liquidated damages for each day's delay in the delivery of the *material* contracted for, the number of day's delay

actually occasioned by the default of the plaintiff's assign-
ors, was a necessary element of the damages sustained,
which was not stipulated and which required to be estab-
lished by proof.

No evidence of the amount of damages, under either of
the allegations of counterclaim, was given or offered by
the defendant, and there was, therefore, nothing to be set
off to the amount which the plaintiff had shown himself
entitled to recover.

Moreover, the defendant made no motion for the allow-
ance of his damages as an offset to the plaintiff's cause of
action. His motion, both on the pleadings and at the close
of the evidence was for the direction of a verdict in his
favor for the excess of his counterclaim, as pleaded, over
the cause of action established by the plaintiff. This he
was not entitled to, even if his damages had been liquidated
by the contract or ascertained by proof. In that case, he
would have been entitled only to a dismissal of the com-
plaint.

We find no error in the rulings of the court as presented
by this record, and are of the opinion that the judgment
must be affirmed.

All concur, except CHILDS, J., not sitting.

Judgment affirmed.