(4 Misc. Rep. 193.)

BARBER et al. v. GRAY.

(Common Pleas of New York City and County, General Term. June 19, 1893.)

PLEADING—COUNTERCLAIM—UNLIQUIDATED DAMAGES.

Where, in an action for the price of coal, the amount of damages set up as a counterclaim was unliquidated, and not capable of computation from the terms of the contract of sale, plaintiff's failure to reply was not an admission of the amount of the counterclaim, and it devolved on defendant to establish it by proof, as on an assessment of damages.

Action by Marshall Barber and another against Albert Gray. A judgment of the general term of the city court in favor of plaintiffs (23 N. Y. Supp. 313) was affirmed without opinion, (23 N. Y. Supp. 1156,) and defendant (appellant) moves for a reargument. Motion denied.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Herman Fromme, for appellant.
Michael H. Cardozo, for respondents.

BOOKSTAVER, J. When the court announced its decision on this appeal, it is quite true that it was placed upon the ground that the damages claimed were unliquidated, and the appellant asked too much on his motion; but, although the reason stated for the ruling of the court may have been insufficient, the decision was correct. In making the announcement we did not overlook the fact that the two counterclaims were pleaded as defenses as well as counterclaims, and that by omitting to reply the plaintiffs had, for the purposes of this action, admitted the coal delivered to have been of inferior quality, and mixed with dirt. But the defendant did not, on the trial, avail himself of the advantage given him by the state of the pleadings. All the items of his counterclaims were for alleged damages sustained by him by reason of the inferior quality of the coal, and its being mixed with dirt. The amount of these damages, however, was clearly unliquidated, and the counterclaims were not for a sum or sums of money fixed by the terms of the contract, or capable of being determined therefrom by computation only. The amount of the counterclaims.

therefore, was not admitted by failure to reply, and the appellant was required to establish them by proof, as upon an assessment of damages. This he entirely failed to do. When, therefore, the court directed a verdict in favor of the plaintiffs for the full amount, no error was committed, as at that time there was no proof that the coal was of less value than the agreed price. It seems to us that this case is upon all fours with Scribner v. Levy, (Sup.) 4 N. Y. Supp. 918. The motion for a reargument should therefore be denied, with $10 costs. All concur.