(12 Misc. Rep. 33.)

### BARBER et al. v. RUTHERFORD et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. APPEAL FROM CITY COURT TO COMMON PLEAS—ACTION ON UNDERTAKING.
    Code Civ. Proc. § 3192, declares chapter 12, tits. 1, 3, applicable to appeals from the New York City court to the court of common pleas. Section 1309 (contained in title 1) provides that no action shall be maintained on an undertaking given on an appeal taken as prescribed in titles 3, 4, or 5 of said chapter 12 until 10 days after service of notice of entry of judgment. Titles 3, 4, and 5, referred to in section 1309, relate to appeals to the supreme court from an inferior court (title 1), appeals to the supreme court or to a superior city court from a judgment of the same court (title 2), and to appeals in special proceedings. *Held*, that section 1309 does not apply to an action on an undertaking given on an appeal to the court of common pleas from a judgment of the general term of the New York City court affirming a judgment rendered in an action in that court. Weil v. Kempf, 12 Civ. Proc. R. 379, followed.

2. JUDGMENT—RES JUDICATA.
    Where defendant in an action for the price of goods sold set up as a counterclaim damages alleged to have been suffered by him because of the inferior quality of the goods, a judgment in favor of plaintiff is conclusive in a subsequent action against the sureties on an undertaking given on appeal from such judgment.

Appeal from city court, general term.

Action by Marshall Barber and another against Charles H. Rutherford and another. From a judgment of the city court (30 N. Y. Supp. 1129) affirming a judgment entered on a verdict directed in favor of plaintiffs, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Fromme Brothers, for appellant.
Michael H. Cardozo, for respondents.

GIEGERICH, J. This action was brought against the defendants, as sureties on an undertaking on an appeal from a judgment of the general term of the city court of New York to this court, which has been affirmed. The plaintiffs heretofore brought an action in the city court of New York against one Albert Gray to recover the purchase price of certain coal sold and delivered. In that action counterclaims were interposed by the defendant for damages claimed to have been suffered by him because the coal did not conform to the character and quality agreed to be furnished, and because the coal was of inferior quality and contained dirt. The trial of that action resulted in a judgment in favor of the plaintiffs, which was affirmed on appeal to the general term of the city court (3 Misc. Rep. 146, 23 N. Y. Supp. 313), and again on appeal to this court. Subsequently a motion was made for a reargument, which was denied. 4 Misc. Rep. 193, 23 N. Y. Supp.

1026, 1156. The defendants executed. a written undertaking on appeal to this court, and, on the failure of said Albert Gray to pay the amount found due, and upon the return of an execution against his property unsatisfied, the plaintiffs commenced this action. The complaint sets forth the original suit; the appeal to the general term of the city court, and thence to this court; the giving of the undertaking, and the decision of this court affirming the judgment;. the application for a reargument of said appeal, and the denial by this court of the same; the demand of the amount due from said Albert Gray, his refusal to pay the same, and the return of an execution against his property wholly unsatisfied. The defendants, in the present action, admitted by their answer the execution of an undertaking of the general description and character referred to in the complaint, and set up that they have no knowledge or information sufficient to form a belief as to any other allegations of the complaint. They also set up as counterclaims the same facts as were contained in the answer in the action brought by the plaintiffs against said Albert Gray. Upon the trial the plaintiffs put in evidence the judgment roll in, said last-mentioned action, the undertaking on appeal, the execution issued thereon, the order of this court denying the motion for a reargument, and the demand for the payment of the amount of the several judgments. The plaintiffs having rested, the defendants called said Albert Gray as a witness, and attempted to prove by him the facts set up in the answer as to the character of the coal supplied by plaintiffs to him. All questions upon this subject were objected to as immaterial, irrelevant,. incompetent, inadmissible, and as res adjudicata, and the objection was in each instance sustained, to which several rulings the defendants excepted.

The defendants moved for the dismissal of the complaint, both before and at the close of the case, because "it omits to allege any service of the judgment, or entry thereof, or any notice of entry thereof, upon the appellants in the action in which the undertaking was given, and also the lapse of 10 days, as required under the Code and statute," which several motions were denied, and defendants excepted. The trial judge having directed a verdict in favor of the plaintiffs, the defendants appealed to the general term of the city court, which affirmed the judgment (30 N. Y. Supp. 1129), and from the judgment of affirmance this appeal is taken by the defendants. The appellants contend that the complaint is insufficient on the face thereof, because it fails to allege service of the notice referred to; and section 1309 of the Code of Civil Procedure is cited in support of the contention. That section, in part, prescribes:

"An action shall not be maintained, upon an undertaking, given upon an appeal taken as prescribed in title third, fourth or fifth of this chapter, until ten days have expired, since the service, upon the attorney for the appellant, of a written notice of the entry of a judgment or order, affirming the judgment or order appealed from, or dismissing the appeal."

Precisely the same question was raised in Weil v. Kempf, 12 Civ. Proc. R. 379, and was examined with great care and ability by

McAdam, J., who decided the point adversely to the position contended for by the appellants in the case at bar. Sections 3191 and 3193 of the Code of Civil Procedure, and sections 1269 and 1271 of the consolidation act (Laws 1882, c. 410), which are identical, prescribe in what cases, and the time and manner in which, an appeal may be taken from the general term of the city court of New York to this court, and we assume that the appeal was taken under and pursuant to these provisions, and not under either titles 3, 4, or 5 of chapter 12 of the new Code, consequently section 1309 of the new Code has no application to the case before us. It seems to us, from a reading of section 3192 of the new Code and section 1270 of the consolidation act, which are identical, in connection with all of the foregoing statutory provisions, that the legislature intended, by enacting the last-mentioned sections, to merely ingraft into the practice relating to appeals to the general term of the city court, and from thence to this court, the provisions of the new Code regarding security on an appeal from an inferior court to the supreme court, which superseded section 354 of the old Code. This construction is the only one which can be placed upon these provisions, which would otherwise be inconsistent, one with the other, and by adopting it we secure harmony of action between them. We therefore concur in the reasoning and conclusion reached by Judge McAdam, that it was not necessary to give notice of entry of an order or judgment of this court affirming a judgment of the city court of New York in an action before bringing suit upon an undertaking given by the appellant on such appeal.

The judgment in the original action against Gray was conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and decided as incident to or essentially connected with the subject-matter of the litigation within the purview of the original action, either as matter of claim or as defense. Griffin v. Railroad Co., 102 N. Y. 449, 7 N. E. 735, and citations; Johnson v. Wharton, 152 U. S. 252, 14 Sup. Ct. 608, and citations. From the record of the original action it is not to be determined that the defendant's counterclaim was dismissed or finally withdrawn from the consideration of the court; hence we cannot now assume that in disallowing the amount claimed by the defendant the court acted otherwise than upon the merits. Until vacated or reversed, therefore, the judgment in the original action is conclusive.

We are therefore of the opinion that the ruling of the court below in respect to such judgment was correct. For these reasons the judgment appealed from should be affirmed, with costs. All concur.