JOHN W. ROTHENBERG, Appellant, *v.* BERNARD GREENTHAL, Respondent.

First Department, December 8, 1916.

Contract — action to recover for work and materials furnished in repairing building — counterclaim — expense of owner in completing work — erroneous direction of judgment upon counterclaim — erroneous dismissal of complaint.

Where, in an action to recover for labor and materials furnished in installing plumbing in the defendant's premises, the defendant alleges that the plaintiff failed to complete his work according to the agreement, and counterclaims for the reasonable cost to the defendant of completing the work, and no proof as to the amount of the defendant's damages was given, the same are unliquidated, and, hence, it was error for the court to direct judgment upon the counterclaim.

Moreover, where the plaintiff testified that the defendant refused to allow .him to complete the contract so that he was entitled to recover upon a *quantum meruit* for the value of services rendered and material furnished, and the value thereof sworn to by the plaintiff, together with the value of extra work, would leave a balance in his favor, it was error for the court to dismiss the complaint, for the plaintiff was entitled to have his right to recover submitted to the jury.

APPEAL by the plaintiff, John W. Rothenberg, from a judgment of the County Court of Bronx county in favor of the defendant, entered in the office of the clerk of said county on the 27th day of April, 1914, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case, and upon a direction for judgment in favor of the defendant upon a counterclaim to which plaintiff had made no reply.

*Charles Goldzier*, for the appellant.

*Abraham Kaplan*, for the respondent.

SMITH, J.:

In the complaint the plaintiff alleges that in January, 1913, he agreed to install all the plumbing and gasfitting in certain premises belonging to the defendant, "according to plans & specifications and according to rules & regulations of the Building and Tenement House Depts." and to furnish all materials necessary therefor, for the sum of $900. He further alleges that pursuant to said agreement plaintiff performed labor and furnished material, and was ready to complete said agreement according to the terms thereof, but that the defendant wrongfully refused to allow plaintiff to complete said agreement and forcibly prevented the plaintiff from completing the same, and that the agreed price and reasonable value of the labor and materials actually furnished by said plaintiff pursuant to said agreement was the sum of $500. For a second cause of action he alleges that he performed extra work and furnished extra materials of the value of $250, and that no part of said sum has been paid except the sum of $290. Demand is made for the sum of $460 with interest.

The answer admits the agreement, denies that defendant prevented the performance, and claims payment to plaintiff of $838 and the furnishing of material of the value of $50, making a payment of $888, and defendant further alleges that by reason of the aforesaid facts and the failure of the plaintiff to complete his said agreement the defendant was compelled to complete the same at a cost of $355, which was the fair and reasonable value of the work performed by said plumber in completion of plaintiff's agreement. He then alleges that there is now due and owing from the plaintiff the sum of $355, with interest, and that no part of said sum has been paid, and asks judgment for that amount. The plaintiff's proof tended to show that the plans and specifications referred to in the plaintiff's contract called for eight closets and bath tubs to be placed in the front of the house and that the extra work was in renewing eight closets and bath tubs in the back of the house, which work was not specified in the agreement. The payment of $290 was admitted, and it appeared in the evidence that the defendant had paid for plumbing material of the value of $548. This bill included the sixteen closets and bath tubs

which were put into the house, eight of which were included in the plaintiff's original contract. The plaintiff swore that the value of the material and work that he did in performance of his original contract was $500 and the value of the labor in the extra work was $250. At the end of plaintiff's evidence his complaint was dismissed and judgment directed upon the counterclaim.

*First.* The judgment directed upon the counterclaim was improperly directed. The counterclaim is for unliquidated damages. No proof was made as to the amount of the damage. No judgment could, therefore, be directed therefor. This was specifically held by the former Fifth Department in *Scribner* v. *Levy* (4 N. Y. Supp. 918), which decision was followed by the Common Pleas in an opinion written by Mr. Justice BOOKSTAVER, reported in *Barber* v. *Gray* (4 Misc. Rep. 193). The direction, therefore, for judgment upon the counterclaim was erroneous.

Moreover I think the court was not authorized to dismiss the plaintiff's complaint. The plaintiff swore that the defendant refused to allow him to complete the contract. He was, therefore, entitled to recover upon a *quantum meruit* for the value of services rendered and materials furnished. He swore to that value as $500. He also swore that the value of the extra work performed was $250, which makes a claim of $750. He acknowledges a credit of $290 and concedes that a bill of material was furnished amounting to $548. As this bill covered the bathroom fixtures both under the contract and those in the back of the house, one-half thereof should probably be allowed as a charge against the plaintiff. Deducting from the plaintiff's claim, then, the $290 and $274, there would remain $186, which appears to be the plaintiff's due upon his evidence. As the evidence stood at the close of plaintiff's case he was entitled to go to the jury upon his right to recover that sum, and it was error, therefore, to dismiss his complaint.

The judgment should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.