JAMES KEON, Respondent, *v.* SAXTON & COMPANY, Appellant.

(Argued October 12, 1931; decided November 17, 1931.)

*Roy Plaut, Henry C. Burnstine* and *Emanuel J. Freiberg* for appellant. Technical defects in a pleading cannot be made the basis for granting a motion for summary judgment where the proofs are sufficient to entitle a party to defend. (*Curry* v. *Mac Kenzie*, 239 N. Y. 267; *Donnelly* v. *Bauder*, 217 App. Div. 59; *Weinberg* v. *Goldstein*, 226 App. Div. 479.) The counterclaims were properly interposed and were improperly stricken out. (*Seibert* v. *Dunn*, 216 N. Y. 237; *Merry Realty Co.* v. *S. & H. R. E. Co.*, 186 App. Div. 538; *More* v. *Rand*, 60 N. Y. 208; *Chamberlin* v. *Day*, 3 Cow. 353; *Selwyn & Co.* v. *Waller*, 212 N. Y. 507; *Clark* v. *Rowling*, 3 N. Y. 216; *Matter of Williams*, 208 N. Y. 32; *Wisconsin* v. *Pelican Ins. Co.*, 127 U. S. 265.) Damages need not be liquidated to be a proper subject of setoff. (*Reab* v. *McAlister*, 8 Wend. 109; *Gage* v. *Angell*, 8 How. Pr. 335; *Lignot* v. *Redding*, 4 E. D. Smith, 285; *Boston Mills* v. *Eull*, 6 Abb. Pr. |N. S.] 319; *Taylor* v. *Root*, 43 N. Y. 335; *Cottle* v. *New York, W. S. & B. R. R. Co.*, 27 App. Div. 604; *Knight* v. *Rothschild*, 132 App. Div. 274; *Gutta Percha & R. Mfg. Co.* v. *Mayor*, 108 N. Y. 276; *Feinstein* v. *Jacobs*, 139 App. Div. 192; *Hunt* v. *Chapman*, 51 N. Y. 555; *Bathgate* v. *Haskin*, 59 N. Y. 533; *Valett* v. *Baker*, 129 App. Div. 514; *American Guild* v. *Damon*, 186 N. Y. 360; *Pecke* v. *Hydraulic Const. Co.*, 23 App. Div. 393.) The damages sought by the counterclaims are legally recoverable. (*Hadley* v. *Baxendale*, 9 Exch. 341; *Messmore* v. *N. Y. Shot & Lead Co.*, 40 N. Y. 422; *Booth* v. *Spuyten Duyvil Rolling Mill Co.*, 60 N. Y. 487; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Cohen* v. *Platt*, 69 N. Y. 348; *Orester* v. *Dayton Rubber Mfg. Co.*, 228 N. Y. 134; *Harris* v. *Panama R. R. Co.*, 58 N. Y. 660; *Rice* v. *Manley*, 66 N. Y. 82; *Grand Tower Co.* v. *Phillips*, 23 Wall. 471.)

*Myle J. Holley* for respondent. The defendant's alleged setoff or counterclaim is insufficient to constitute

a cause of action and states no damages legally recoverable by the defendant. (*Martin* v. *Bigelow*, 36 Misc. Rep. 298; *Bowsky* v. *Schlichten*, 132 N. Y. Supp. 421; *Jacobs* v. *Monaton Realty Investment Corp.*, 212 N. Y. 48; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681; *Schnabel* v. *Hanover Nat. Bank*, 78 Misc. Rep. 35; *Merchants' Nat. Bank* v. *Hall*, 83 N. Y. 338.) Defendant's alleged setoff or counterclaim, being for unliquidated damages, cannot be interposed in this action brought by the assignee of a judgment. (*Merry Realty Co.* v. *S. & H. R. R. Co.*, 186 App. Div. 538; *Frick* v. *White*, 57 N. Y. 103.)

O'BRIEN, J. Plaintiff's assignor had a contract with defendant for the sale of two carloads of eggs to be delivered each week between March 20, 1925, and June 1, 1925. The seller- delivered six carloads but was paid for only five and it brought an action against this defendant in the United States District Court in Iowa for the unpaid balance. Its claim was reduced to judgment in the Federal court and its assignee, this plaintiff, instituted the present action in this State to enforce that judgment which had been obtained by default. The answer sets up four counterclaims by which it pleads the seller's breach of contract in failing to make deliveries at the rate of two carloads a week and alleges, as the result of such omissions, loss in profits in the sum of " at least " $5,000. On the theory that these counterclaims are for unliquidated damages and are in the nature of setoffs, these defenses have been stricken out.

In former times much learning had been acquired, delicate distinctions had been developed and extensive legalistic energy had been expended in formulating rules for setoff and recoupment. (2 George II, ch. 22; Bouvier's Law Dictionary; Waterman on Setoff; *Holbrook* v. *American F. Ins. Co.*, 6 Paige, 220, 223; *Butts* v. *Collins*, 13 Wend. 139; *Batterman* v. *Pierce*, 3 Hill, 171; *Schubart* v.

*Hartean*, 34 Barb. 447; *Seibert* v. *Dunn*, 216 N. Y. 237; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 186 App. Div. 538, 541.) Those rules, somewhat arbitrary and artificial, surrounded defendants with impediments often subversive of justice. Even as late as the year 1874, when *Frick* v. *White* (57 N. Y. 103) was decided, the Code of Procedure of that day, by section 112, recognized a rigid difference in the case of an assignment between setoff and recoupment and by section 150 established a standard for counterclaims less tolerant than that embodied in the Code of Civil Procedure and the present Civil Practice Act. Since the adoption of these later statutes slender and inequitable distinctions are not encouraged. Without going so far as to hold that in every possible contingency all differences have been obliterated, the modern tendency has been to extend the liberal rule included within section 501 of the Code of Civil Procedure and section 266 of the Civil Practice Act relating to counterclaims so as to cover those defenses which formerly were defined as setoff and recoupment. The counterclaim created by our statutes is more comprehensive than those ancient pleas. (*Seibert* v. *Dunn, supra.*) In the language of the Civil Practice Act, it tends to diminish plaintiff's recovery. Even at common law the defense alleged in this action would have fallen within the class of defenses denominated as recoupment. Defendant's claim for reduction of the sum alleged in plaintiff's cause of action grows out of the same transaction as the contract upon which plaintiff's claim is founded and, as such, would not at common law have been required to be stated at a liquidated sum. Under our modern practice counterclaims for unliquidated damages are good.

The fact that this defense is urged against an assignee who acquired title to the claim after the alleged breach of contract by plaintiff had occurred, does not weaken defendant's counterclaim as a mere pleading. (*Seibert*

v. *Dunn, supra.*) Section 266 of the Civil Practice Act allows as a counterclaim a cause of action not only against a plaintiff but, in a proper case, against the person whom he represents. Section 267, subdivision 1, expressly provides for the allowance of a counterclaim against an assignee when defendant's demand existed against the original party at the time of the assignment and before notice thereof and if it might have been allowed against the party while the contract belonged to him. Such a counterclaim does not, however, allow defendant to recover more than the assignee's claim.

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion to strike out the counterclaims and for summary judgment denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.