■ KIVORT STEEL, INC., Respondent, v LIBERTY LEATHER CORPORATION, Appellant. — Mahoney, P. J.

In late 1979, plaintiff made an agreement with Am-Tan Machine Corporation (hereinafter Am-Tan) that plaintiff would purchase a particular machine which Am-Tan would then attempt to sell. The profit derived would be divided equally between plaintiff and Am-Tan. Consequently, plaintiff purchased the machine and delivered it to Am-Tan's warehouse. Am-Tan, apparently without revealing plaintiff's interest in the machine, contracted to sell the machine to defendant for $35,000. The machine was delivered to defendant along with Am-Tan's invoice confirming the October 21, 1980 payment date. Defendant allegedly failed to make payment when due and plaintiff sent defendant its own invoice. This was apparently defendant's first notice of plaintiff's involvement in the transaction. After defendant failed to pay either invoice, plaintiff commenced this action on July 31, 1981 for the amount due.

The contract regarding the sale of the machine was not the only business activity between defendant and Am-Tan. On April 23, 1979, Am-Tan executed a $25,000 demand note in defendant's favor. Additionally, on April 11, 1980, defendant and Am-Tan entered into a different contract. The contract and note were the subject of a lawsuit by defendant, as a result of which, on May 2, 1984, defendant obtained a default judgment against Am-Tan in the amount of almost $80,000.

In the instant action, defendant attempted to use the judgment against Am-Tan as a setoff against plaintiff. Defendant did not mention the setoff in its amended answer, but raised it for the first time in support of its motion for summary judgment dismissing the complaint. Defendant also raised in support of its motion its status as a good-faith purchaser for value (UCC 2-403 [1]) and the defense of equitable estoppel.

In an action maintained by an undisclosed principal against a person with whom the agent contracted, the third party may offset against the principal a debt due from the agent on another account provided that the debt was created prior to the disclosure of the agency relationship (*see, Foreign Trade Banking Corp. v Gerseta Corp.,* 237 NY 265, 271-272). Special Term held that setoff was unavailable to defendant since its breach of contract claim against Am-Tan had not been reduced to judgment prior to the disclosure of plaintiff's status as principal. Defendant contends that the fact that its claim against Am-Tan was unliquidated at the time plaintiff's status was disclosed should not be dispositive since the defenses of setoff and recoup-

ment should be treated liberally and should be subject to the requirements relating to counterclaims, which need not be liquidated (*see, Keon v Saxton & Co.,* 257 NY 412). We find it unnecessary to reach this issue since defendant's amended answer did not raise the claim of setoff. Whether setoff is an affirmative defense (CPLR 3018 [b]) or is more akin to a counterclaim (CPLR 3019 [a]), the facts in support thereof must be pleaded in the answer.[*] Defendant's failure to do so constitutes a waiver (*see, Schaffer Stores Co. v Grand Union Co.,* 84 AD2d 614, *appeal dismissed* 56 NY2d 570). Therefore, Special Term's conclusion that setoff is unavailable to defendant was correct, though for a different reason.

Defendant also contended in its motion for summary judgment that it has good title to the machine pursuant to UCC 2-403 (1), which provides in relevant part that "[a] person with voidable title has power to transfer a good title to a good faith purchaser for value". Defendant takes the position that transfer of the machine in exchange for the claim it had against Am-Tan constitutes "value" under UCC 1-201 (44) (b). In our view, this definition of value is satisfied only where the purchaser of the goods gives the seller a credit on a debt owed by the seller to the purchaser for the purchase price of the goods (*see,* 1 Anderson, Uniform Commercial Code § 1-201:317, at 343-344 [3d ed 1981]). Thus, to succeed on its motion for summary judgment, defendant must establish that there is no factual dispute that defendant provided Am-Tan with a credit on its debt in exchange for delivery of the machine. A review of the record reveals that there are triable issues of fact on the issue of whether defendant gave Am-Tan a credit or any other value in exchange for the machine. Therefore, summary judgment was properly denied on this issue.

Finally, while defendant raised equitable estoppel in support of its motion for summary judgment, since it has not alleged as error Special Term's denial of its motion on this ground, it has apparently abandoned this issue (*see, Matter of Smith,* 91 AD2d 789, 790).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

---

[*] We note that setoff is not listed among the affirmative defenses which can be raised in the first instance by a motion to dismiss the complaint (CPLR 3211 [a]).