■ DURANTE BROS. CONSTRUCTION CORP., Appellant-Respondent, v ST. JOHN'S CEMETERY, Also Known as SAINT JOHN'S CEMETERY, Respondent-Appellant, et al., Defendant. [729 NYS2d 40] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated August 30, 2000, as denied its motion for summary judgment against the defendant St. John's Cemetery, a/k/a Saint John's Cemetery, and the defendant St. John's Cemetery, a/k/a Saint John's Cemetery cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, the action against the remaining defendant is severed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In 1992 and 1993 the plaintiff, a construction company, provided labor and materials at the defendant St. John's Cemetery, a/k/a Saint John's Cemetery (hereinafter St. John's) in Queens. It is undisputed that St. John's is the record owner of the cemetery. The plaintiff commenced this action alleging that there was due and owing over $500,000 for such services. After issue was joined and significant disclosure had occurred, the plaintiff moved for summary judgment. The plaintiff argued that the services at issue had been performed satisfactorily and that the amount demanded was due and owing. St. John's

cross-moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that there was no contractual privity between the parties. Rather, St. John's asserted, the real party in interest was the Roman Catholic Diocese of Brooklyn (hereinafter the Diocese), a religious corporation, which, through one of its offices—the Office of Catholic Cemeteries—operated St. John's and other cemeteries. St. John's contended that the Diocese alleged that the plaintiff owed it more than the amount demanded in this action arising from work previously performed by the plaintiff at the St. Charles Cemetery in Long Island. Other than both cemeteries being operated by the Diocese through its Office of Catholic Charities, no relation between the cemeteries is alleged. Indeed, St. John's asserted the plaintiff was not even aware of the existence of St. John's until it made inquiries related to this action. Thus, St. John's argued, the complaint should be dismissed for failure to join a necessary party, the Diocese. The plaintiff, although not disputing that all arrangements for the work at issue and payment therefor had been made through the Office of Catholic Cemeteries, argued that the office, and therefore the Diocese, was merely acting as an agent for an undisclosed principal, St. John's. Thus, the plaintiff asserted, it was entitled to prosecute this action against St. John's as an undisclosed principal without joining the Diocese as agent, and the action should not be dismissed for failure to join a necessary party. In the order appealed from, the Supreme Court denied the motion and cross motion, finding that there are issues of fact as to the existence of an agency. We modify.

St. John's does not dispute that the services at issue were satisfactorily performed and that the amount demanded is due and owing. Thus, the plaintiff has demonstrated entitlement to judgment as a matter of law, provided it has sued the proper party. The focus of St. John's argument, both before the Supreme Court and on appeal, is that the Diocese is the real party in interest and a necessary party, and that the action may not proceed without it. We disagree. Not only was the significant work performed by the plaintiff at the cemetery open and obvious, consisting, in the main, of installing concrete beams through ranges of graves to stabilize the soil, but also, the Office of Catholic Cemeteries is located at the cemetery. Thus, St. John's must be charged with knowledge of the work. Given these facts, St. John's is estopped, as a matter of law, from denying that the Diocese, through its Office of Catholic Cemeteries, was its agent for the purpose of contracting for the work performed (*see, Hannon v Siegel-Cooper Co.,* 167 NY 244; *Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266; *Koz-*

*ecke v Humble Oil & Ref. Co.,* 46 AD2d 986). As principal, St. John's, once disclosed, may be sued directly without joining the agent—the Diocese (*see, Industrial Mfrs. v Bangor Mills,* 283 App Div 113, *affd* 307 NY 746; CPLR 3002 [b]). St. John's has failed to raise a triable issue of fact as to its liability as principal. Finally, St. John's, as an undisclosed principal, did not claim an offset for the amount the plaintiff allegedly owed its agent (the Diocese), nor did it seek to amend its complaint to assert the same once the issue of the agency was raised (*cf., Kivort Steel v Liberty Leather Corp.,* 110 AD2d 950). Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.