Rao v Emirates Airlines (2022 NY Slip Op 51238(U))

[*1]

Rao v Emirates Airlines

2022 NY Slip Op 51238(U) [77 Misc 3d 132(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-530 Q C

Budharapu Rao, Appellant,
against
Emirates Airlines, Respondent. 

Budharapu Rao, appellant pro se.
Emirates Airlines, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County
(Wendy Changyong Li, J.), entered August 3, 2021. The judgment, after a nonjury trial,
dismissed the action without prejudice.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to
the Civil Court for a new trial.
In this small claims action, plaintiff seeks to recover the principal sum of $1,500
based on the alleged failure of defendant airline to honor the return portion of his
round-trip ticket from New York to Hyderabad, India. The trial of the matter was
conducted virtually. At the nonjury trial, plaintiff testified that he had purchased his
ticket from defendant's agent, JustFly.com (JustFly). On the date of his outbound flight,
plaintiff went to the airport but became ill and was unable to fly. Plaintiff stated that he
had been told at the airport that his outbound ticket would therefore be cancelled, but that
his return ticket would be valid. When he was again healthy, he purchased a one-way
outbound ticket from a different airline. While in Hyderabad, he had received
confirmation from defendant that his return ticket was valid; however, at the airport,
defendant refused to honor the ticket and plaintiff was compelled to purchase a
replacement one-way ticket from Hyderabad to New York. In response to questions from
the court, plaintiff said [*2]he had telephoned JustFly
when he realized he would be unable to take the outgoing flight, and had been informed
that he could neither change his flight nor obtain a refund and that he had to buy a new
ticket. Plaintiff also denied that JustFly had provided him with the terms and conditions
that attached to his ticket or with a link to those terms and conditions.
Defendant's representative claimed that plaintiff had to have been informed of the
terms and conditions that attached to his ticket, and that, under those terms and
conditions, for the price of $200, plaintiff could have exchanged his outgoing ticket, but
that, having failed to use the outgoing portion of the ticket, he had not been entitled to
use the return portion. She did not dispute that JustFly was defendant's agent.
Following the trial, the court dismissed the action without prejudice, upon a finding
that JustFly was a necessary party to the lawsuit. 
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (CCA 1807; see CCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Since it was undisputed that JustFly had acted as defendant's disclosed agent in all its
dealings with plaintiff, we conclude that JustFly was not a necessary party to this breach
of contract action (see Durante Bros. Constr. Corp. v St. John's Cemetery, 285
AD2d 578, 579-580 [2001]; see
also Rottman v El Al Israel Airlines, 18 Misc 3d 885 [Civ Ct, NY County
2008]; 2A NY Jur 2d, Agency § 325), and that the Civil Court's dismissal of the
matter without prejudice based on the failure to join a necessary party failed to render
substantial justice between the parties according to the rules and principles of substantive
law (CCA 1807; see CCA 1804).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court
for a new trial.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18,
2022