Sidney A. Fine, J.
This application to vacate a judgment entered upon the granting of a motion made pursuant to rule 113 of the Rules of Civil Practice is predicated on “ plaintiff’s fraud in procuring the judgment, newly discovered evidence, error in fact, and in the interests of inherent justice ’ ’.
The claim of fraud, newly discovered evidence and error in fact is based upon the failure of plaintiff’s attorney to disclose to the court that, while representing a client other than the present plaintiff, he wrote a letter in which he claimed that the sublicense upon which this suit is based had become nonexistent by reason of the cancellation of the license to the sublicensor. The failure to reveal the writing of this letter or the fact that he had made such a contention did not constitute fraud on the part of plaintiff’s attorney. The letter did no more than express a litigating position which the recipient of the letter refused to accept as valid. Nor are the facts stated in the letter newly discovered evidence requiring a vacatur of the judgment heretofore entered herein. Assuming the fact to be, as stated in the letter, viz. that the board of directors of Believe It Or Not, Inc., had voted in 1951 to cancel the license of Bion Exhibits, Inc., upon whose sublicense to defendant the judgment is based, it does not follow that the directors had the right to cancel the license. Their vote to do so, in itself, constitutes at most an attempt to cancel. It does not appear that the cancellation was based upon facts which entitled Believe It Or Not, Inc., to effect a valid cancellation. Had the letter, above referred to, been disclosed to the court upon the original motion, its decision would have been no different. The defendant’s continued user of the sublicense to it, without repudiation thereof, required it to pay the installments it had contracted to pay for the use of the sublicense.
The counterclaim or offset claimed by defendant arises out of the very contract upon which this action is based. It may, therefore, be used to defeat the claim of plaintiff, who is an assignee by operation of law, and it is not necessary that the amount of the counterclaim or offset be liquidated (Seibert v. Dunn, 216 N. Y. 237; Keon v. Saxton & Co., 257 N. Y. 412, 415; Blog v. Burden & Co., 238 App. Div. 634). On the other hand “ a possible but unestablished liability unliquidated in amount ” may not be pleaded as an offset to a liquidated claim that is *835 due and payable (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214, 219; 3 Carmody on New York Practice, p. 2139). In opposition to the motion for summary judgment, the only damage claimed by reason of Bion’s illegal grant of the five-year option was described as follows: “John Arthur (the defendant) has suffered serious damage in that a serious law suit has been instituted against it ’ ’. The lawsuit referred to was brought by a sublicensee of defendant on the ground that defendant had granted it a longer sublicense than it had the right to give. That suit is still pending, in Florida. Defendant is resisting it and is apparently taking the position that the plaintiff in the suit may not cancel defendant’s sublicense to it and recover damages from it. Until and unless there is a recovery against defendant, in the Florida suit, the latter is in no position to use its “ possible but unestablished liability, unliquidated in amount ” as an offset to the cause of action asserted against it in the instant action (Dunn v. Uvalde Asphalt Paving Co., supra). It is impossible for this court to liquidate and make certain the amount, if any, which the Florida plaintiff may recover. In this respect the counterclaim differs from counterclaims for unliquidated damages which may be fixed and assessed in the actions in which the counterclaims are pleaded.
The defendant’s alleged expenditure of over $8,000 in defending the Florida action occupies a different category, however. In the case of Dunn v. Uvalde Asphalt Paving Co. (supra, p. 218) the Court of Appeals indicated that payments actually made by the defendant in that case could form the basis of a proper counterclaim on proof that the defendant was liable to the payee and that the amounts paid were fair and reasonable. In the case at bar, there are triable issues as to the exact amounts paid by defendant in defending the Florida action as to their reasonableness, and as to whether the payments were made necessary by a breach of warranty on the part of Bion Exhibits, Inc. It follows that the $8,000 claimed to have been expended should be deducted from the amount for which plaintiff was granted summary judgment and the action severed and allowed to proceed as to the $8,000.
In its opinion upon the original motion, this court pointed out that the judgment debtor’s authorization to defendant to deduct expenditures made by the latter from future license payments due to the judgment debtor was ineffectual and invalid, as was the debtor’s indemnity agreement, in view of the fact that supplementary proceedings had already been instituted against the debtor. However, defendant’s right to make payments from its own funds to defend the Florida action *836 brought against it and to counterclaim for the payments on a showing (1) that the payments were the proximate result of Bion’s breach of warranty and (2) that they were fair and reasonable does not depend upon Bion’s indemnity agreement or other acts of Bion after the commencement of the supplementary proceedings. Defendant had that right in any event (cf. Dunn v. Uvalde Asphalt Paving Co., supra, p. 218) and could not be deprived thereof by the institution of the supplementary proceedings, the appointment of a receiver for Bion, or the issuance of restraining orders in the proceedings. The defendant was merely taking measures to protect itself from the consequences of the breach of warranty, which is alleged to have occurred at the very inception of the contract upon which the present action is predicated. The plaintiff, as receiver, took over the contract subject to defendant’s rights arising from the breach thereof, in limine.
Defendant emphasizes that it paid $22,618.41 as the price of the curio collection and an additional $50,000 in enlarging the collection by additional purchases. For aught that appears, however, the value of the articles comprising the enlarged collection was and is at least equal to the $72,618.41 expended in purchasing them. In that event, the amount paid for the collection would not constitute an item of damage. Defendant also refers to the possible loss of income from its sublicensee. This is speculative, however, for if defendant should succeed in its defense of the Florida suit, its sublicensee may be required to continue the payments to defendant.
Aside from the expenditure of $8,000 or more, previously discussed, the only possible item of present damage referred to by defendant is the $4,500 deposit made in the Florida action. Since the deposit may be returned to defendant, the $4,500 does not represent, at this time, an item of damage which may be used as an offset to plaintiff’s claim.
The motion is, accordingly, granted only to the extent of modifying the order and the judgment by deducting $8,000 from the $25,000 awarded to plaintiff and by modifying the order to provide for the continuance of the action as to the $8,000. Settle order.