(January 20, 1987)

■ GEORGE ASSING et al., Respondents, v UNITED RUBBER SUPPLY COMPANY, INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., based on negligence, breach of warranty and strict products liability, the defendant United Rubber Supply Company, Inc. (hereinafter United) appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated October 11, 1985, which, *inter alia,* denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the plaintiffs' cross motion to compel United to submit to an examination before trial is denied as academic, and the complaint is dismissed as against United.

It is well settled that on a motion for summary judgment, the court's function is issue finding rather than issue determination *(see, e.g., Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, *rearg denied* 3 NY2d 941). Nevertheless, the court must evaluate whether the alleged factual issues presented are genuine or unsubstantiated *(see, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701; *cf. Stanita Realty Corp. v Hughes Aircraft Co.,* 116 AD2d 567). If the issue claimed to exist is not genuine, but feigned and, therefore, there is nothing to be resolved at trial, "the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated" *(Andre v Pomeroy,* 35 NY2d 361, 364). Our review of the record in this case discloses an absence of a genuine issue of fact with regard to the plaintiffs' contention that United manufactured, supplied or distributed an allegedly defective hose which caused the injuries of the plaintiffs, George Assing and Ruthven Collette. As conceded by the plaintiffs at oral argument, the only evidence allegedly connecting this defendant to the hose was an undated United

shipping label, which contained a purchase order number. This label was allegedly removed from a box in the receiving department of the employer of the plaintiffs, George Assing and Ruthven Collette. United has, however, conclusively vitiated the probity of the plaintiffs' submission by uncontroverted documentary evidence indicating that the label was from a shipment of hose which had been ordered by the employer of the plaintiffs, George Assing and Ruthven Collette in March 1977, more than 14 months after the accident. The plaintiffs offered no meaningful rebuttal to this evidence. Bald, unresponsive allegations to the effect that United's documents were "self-serving" are no substitute for the submission of evidence establishing the existence of a genuine issue. Indeed, "only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *cf. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342-343). Contrary to the plaintiffs' contention, this case is not one in which the disputed issue is framed solely by the allegations contained in opposing affidavits *(cf. Missan v Schoenfeld,* 95 AD2d 198, *appeal dismissed* 60 NY2d 860), but rather one in which the dispositive, unrebutted evidentiary submissions were documentary in nature.

Accordingly, United's motion for summary judgment dismissing the complaint as against it should have been granted, and the plaintiffs' cross motion should have been denied as academic. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.