■ GENEVIEVE GERVASIO, Appellant, v JOSEPH DI NAPOLI, Respondent.—In an action, *inter alia,* to set aside a deed to the defendant of certain real property upon the ground of fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered October 30, 1986, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

By notice of motion dated June 20, 1986, the defendant moved for summary judgment dismissing the plaintiff's complaint, which sought, *inter alia*, to set aside a deed by which the plaintiff conveyed to the defendant certain residential premises in Westchester County. In opposition to the defendant's motion, the plaintiff annexed her affidavit in which she alleged that her execution of the deed in question had been procured by the fraud of the defendant. Specifically, the plaintiff contends on appeal that during the closing of title on the subject premises, at which she was represented by counsel, a deed was "slipped in amongst" certain other papers—by whom it is not alleged—and that the plaintiff thereafter unknowingly executed the document. Significantly, neither the plaintiff's complaint nor her affidavit in opposition to the defendant's motion alleges that defendant or anyone present at the closing in any sense misrepresented the identity of the deed which the plaintiff executed. Moreover, it is conceded by the parties that the defendant supplied the $6,000 down payment on the premises.

The Supreme Court granted the defendant's motion for summary judgment concluding, *inter alia*, that the plaintiff's opposition papers were wholly conclusory and insufficient to create a genuine issue of fact. We agree.

It is well settled that on a motion for summary judgment, the court's function is issue finding rather than issue determination *(see, e.g., Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, rearg denied 3 NY2d 941)*. Nevertheless, "the court must evaluate whether the alleged factual issues presented are genuine or unsubstantiated" *(Assing v United Rubber Supply Co., 126 AD2d 590; Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701)*. Further, "[i]f the issue claimed to exist is not genuine, but feigned and, therefore, there is nothing to be resolved at trial, 'the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated' " *(Assing v United Rubber Supply Co., supra, at 590, quoting from Andre v Pomeroy, 35 NY2d 361, 364)*.

Contrary to the plaintiff's contentions, the record reveals that the defendant has established his prima facie entitlement to judgment as a matter of law through his production of the deed by which the plaintiff conveyed the premises to him *(see,*

*Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557; *Richmond Hill Sav. Bank v Sisters of Order of St. Dominic,* 126 AD2d 627, 628).

At bar, the plaintiff's principal contention in opposition to the defendant's motion, is a conclusory allegation that the defendant fraudulently caused her to unknowingly execute a deed conveying the premises to him. The specific circumstances underlying the perpetration of this alleged fraud are not recounted in the plaintiff's affidavit nor are there set forth evidentiary facts by which it is contended that the defendant in any sense misrepresented the nature or identity of the deed the plaintiff executed at the closing. At best, the plaintiff's allegations amount to little more than a contention that she executed the deed in question without reading it. However, "[a]s a general rule, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract" *(Columbus Trust Co. v Campolo, supra,* at 617). The plaintiff's allegations of fraud are unsubstantiated by evidentiary facts and thus are insufficient to raise a triable issue of fact necessary to defeat a motion for summary judgment. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.