■ BRUCE PALTROW et al., Appellants, v TOWN OF LEWISBORO et al., Respondents. [605 NYS2d 323] —In an action, *inter alia*, to recover damages pursuant to 42 USC § 1983 for the alleged wrongful revocation and denial of wetlands activity permits by the defendants, the plaintiffs appeal, from an order of the Supreme Court, Westchester County (Ruskin, J.), entered October 11, 1991, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered, that the order is affirmed, with costs.

In April 1988, the plaintiffs purchased a 40-acre parcel of real estate, including 1700 feet of lakefront located in Lewisboro, New York. The plaintiffs wished to build a tennis court and a boathouse on the property, both of which required a wetlands activity permit.

On October 27, 1988, the plaintiffs' architect applied for a building permit for the boathouse and a wetlands activity permit for both the boathouse and the tennis court. On December 29, 1988, the building permit for the boathouse was granted. On January 19, 1989, a wetlands activity permit for the boathouse was granted. The wetlands activity permit application for the tennis court was referred to the Planning Board of the Town of Lewisboro (hereinafter Planning Board) for final determination.

Subsequently, on April 3, 1989, the wetlands activity permit for the construction of the boathouse was revoked and a new permit was issued which specified that it was for the "boathouse only". On June 20, 1989, the Planning Board, after a hearing, denied the plaintiffs' application for a wetlands activity permit for the tennis court, and a stop work order was issued accordingly. On June 28 1990, the plaintiffs commenced the present action against the defendants. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and the plaintiffs appeal.

On appeal, the plaintiffs contend that they were deprived of their right to due process by the revocation of the initial wetlands activity permit for the boathouse and the Planning Board's denial of the wetlands activity permit for the tennis court. The plaintiffs also contend that disputed issues of material fact exist precluding summary judgment.

It is well settled that, on a motion for summary judgment, the court's function is issue finding rather than issue determi-

nation *(see, e.g., Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Gervasio v Di Napoli,* 134 AD2d 235, 236; *Assing v United Rubber Supply Co.,* 126 AD2d 590). Additionally, a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment *(see, American Sav. Bank v Imperato,* 159 AD2d 444).

Here, after the defendants met their burden of showing that no triable issue of fact existed, the plaintiffs' opposing submission failed to create the requisite issues of material fact.

Further, contrary to the plaintiffs contention, the wetlands regulations of the Town of Lewisboro granted the defendants broad discretion to regulate activities on wetlands. Thus, absent a showing that the permit was arbitrarily denied, the plaintiffs' substantive due process claim must fail *(see, RRI Realty Corp. v Incorporated Vil. of Southampton,* 870 F2d 911, 914, *cert denied* 493 US 893). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.