■ ROSALIND T. SPODEK, Appellant, v PARK PROPERTY DEVELOPMENT ASSOCIATES, Respondent. [693 NYS2d 199] —In an action to recover on a bond, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated June 29, 1998, as denied her motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs and the motion is granted.

The plaintiff made out a prima facie case of entitlement to summary judgment by proof of the bond and the admitted failure of the defendant to make the interest and principal payments on the bond. It was therefore incumbent upon the defendant to come forward with proof of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense (see, Falco v Thorne, 225 AD2d 583; Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627).

The defendant contended that summary judgment must be denied because the plaintiff is the mere nominee of her husband, who is the former managing partner of the defendant. The defendant also contended that it is entitled to an offset due to the plaintiff's husband's mismanagement of the defendant's assets. However, even assuming that the plaintiff is her husband's nominee, the defendant failed to raise any triable issue of fact with respect to an offset defense.

The defendant submitted a financial schedule it claimed had been prepared by the accounting firm of one of its partners, which purported to show that the defendant suffered losses of $1,152,287 due to the mismanagement of the plaintiff's husband. The schedule was not verified or certified and the defendant failed to submit an affidavit by the person who prepared it. Therefore, the defendant's submission was without any evidentiary value and was insufficient to defeat the plaintiff's summary judgment motion (see, CPLR 3212 [b]). In addition, a claim against the plaintiff's husband for breach of fiduciary duty was the subject of a separate lawsuit, pending at the time of the plaintiff's summary judgment motion, in New York County. No evidence of liability or damages in that lawsuit was offered in support of the defense in this action.

It is well settled that the shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment (see, Seaboard Sur. Co. v Nigro Bros., 222 AD2d 574; Paltrow v Town of Lewisboro, 199 AD2d 372; Gateway State Bank, supra). Moreover, there is no right to set off a possible, unliquidated liability against a

liquidated claim that is due and payable (*see, Dunn v Uvalde Asphalt Paving Co.,* 175 NY 214, 219; *Termini v Arthur Exhibitions,* 9 Misc 2d 833, *affd* 5 AD2d 973). Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.