OPINION OF THE COURT
 

 Graffeo, J.
 

 In this breach of contract action, we address whether a creditor is entitled to prejudgment interest under CPLR 5001 where the promissory note provided for monthly interest and principal installment payments on the debt owed. We conclude that
 
 *579
 
 plaintiff is entitled to interest from the accrual of the cause of action on both the unpaid interest and principal payments to the date liability was fixed.
 

 Defendant executed a note in April 1980, agreeing to pay plaintiff the principal sum of $1,437,500 in connection with a real estate transaction. Interest was to accrue at the rate of 8% per annum, payable monthly. “For the first sixty (60) months interest only [was to] be paid; in addition beginning with the sixty-first month principal payments [were to] be made at the rate of 1% per annum” until the remainder became due on December 31, 2000. Between 1980 and 1997 defendant made no payments. Conceding that an action on any sums due prior to 1991 would be barred by the Statute of Limitations, plaintiff commenced this litigation in 1997 seeking repayment of principal and interest installments owed from 1991. After joinder of issue, plaintiff moved for summary judgment, which Supreme Court denied but the Appellate Division subsequently granted
 
 (see,
 
 263 AD2d 478,
 
 lv denied
 
 94 NY2d 760).
 

 Upon remand, Supreme Court awarded plaintiff $1,094,083.60, representing interest owed for each month of default from August 1991, together with annual amortized principal payments from April 1992. The court, however, denied plaintiffs application for prejudgment interest on these sums. On appeal, the Appellate Division reversed the judgment with respect to the denial of prejudgment interest and remitted to Supreme Court for the calculation of interest in accordance with its decision
 
 (see,
 
 279 AD2d 467). We granted defendant leave to appeal
 
 (see,
 
 96 NY2d 711) and now affirm.
 
 *
 

 The application of interest to verdict or decision is set forth in CPLR 5001:
 

 “(a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court’s discretion.”
 

 
 *580
 
 Plaintiff argues that, read literally, CPLR 5001 (a) embodies an affirmative command that simple interest “shall be recovered upon a sum awarded” when an action is premised on a breach of contract. Defendant counters that the award of interest in an action on a promissory note that incorporates interest payments constitutes a compounding of interest in contravention of public policy.
 

 The distinction between compound interest and simple interest is critical to the determination in this case. Compound interest is commonly defined as “interest on interest” or interest that is “paid on
 
 both
 
 the principal and the previously accumulated interest” (Black’s Law Dictionary 817 [7th ed 1999] [emphasis added]). This contrasts with simple interest, which is “paid on the principal
 
 only
 
 and not on accumulated interest”
 
 (id.
 
 [emphasis added]). The difference between these two formulations is that simple interest does not merge with principal and thus does not become part of the base for the computation of future interest.
 

 Plaintiff contends the interest she seeks under CPLR 5001 is simple interest to be awarded at the CPLR 5004 rate of 9% per annum for each of defendant’s defaults under the terms of the promissory note. Defendant disagrees, claiming that the recovery of prejudgment interest on this note is barred by
 
 Young v Hill
 
 (67 NY 162 [1876]) and
 
 Giventer v Arnow
 
 (37 NY2d 305 [1975]). Neither of these cases governs the question before us.
 

 Young
 
 involved an action upon an account stated. Among the items considered was a bond that provided for the payment of a principal sum with interest at 6% per annum. Although the bond required payment of simple interest, plaintiff attempted to recover compound interest based on the debtor’s computation and entry of the amount due at an interest rate of 6% compounded annually. In holding that plaintiff could not recover compound interest on these facts, the Court set forth two rules: “first, that an agreement to pay interest upon interest must * * * be made after the interest which is to bear interest has become due, and second, that it must be supported by a sufficient consideration” (67 NY, at 167-168). On the merits, the Court rejected plaintiffs attempt to recover compound interest because there was no agreement by the debtor to pay compound interest.
 

 The issue in
 
 Giventer
 
 was whether a promissory note that provided for interest at 71/2% compounded quarterly was usurious. Noting that the effective annual rate of interest on
 
 *581
 
 this note exceeded the maximum rate of interest as fixed in the General Obligations Law, the Court held that the note was usurious and thus “void and uncollectable” (37 NY2d, at 309).
 

 Thus,
 
 Young
 
 and
 
 Giventer
 
 are inapposite because they dealt with agreements for
 
 compound
 
 interest; while in this case, we interpret a statutory provision for simple interest. Furthermore, both decisions predate the enactment of General Obligations Law § 5-527, which now makes certain loans and other agreements providing for compound interest enforceable.
 

 We hold that CPLR 5001 (a) permits a creditor to recover prejudgment interest on unpaid interest and principal payments awarded from the date each payment became due under the terms of the promissory note to the date liability is established. This application not only comports with the plain language of the statute that mandates the award of interest to verdict in breach of contract actions
 
 (see, e.g., Brushton-Moira Cent. School Dist. v Thomas Assocs.,
 
 91 NY2d 256, 262;
 
 Solow v Wellner,
 
 86 NY2d 582, 589-590), but also is consistent with our long-standing recognition that the purpose of awarding interest is to make an aggrieved party whole
 
 (see, e.g., Van Rensselaer v Jewett,
 
 2 NY 135, 140-141;
 
 Lawyers’ Fund for Client Protection v Bank Leumi Trust Co.,
 
 94 NY2d 398, 407). Chief Judge Cardozo succinctly explained the rationale for this approach in
 
 Prager v New Jersey Fid. & Plate Glass Ins. Co.
 
 (245 NY 1, 5-6):
 

 “While the dispute as to value was going on, the defendant had the benefit of the money, and the plaintiff was without it. Interest must be added if we are to make the plaintiff whole. * * * If [defendant] chose to keep the money, it should pay for what it kept. There would be obvious injustice if interest were to be lost as the result of a slight discrepancy between the claim and the award.”
 

 This result does not penalize debtors for exercising their right to contest the debt through litigation. Indeed, in an analogous situation in
 
 Love v State of New York
 
 (78 NY2d 540, 545), we reasoned that a debtor “who has actually had the use of the money, has presumably used the money to its benefit and, consequently, has realized some profit, tangible or otherwise, from having it in hand during the pendency of the litigation. There is thus nothing unfair about requiring the defendant to pay over this ‘profit’ in the form of interest to the plaintiff, the party who was entitled to the funds from the date
 
 *582
 
 the defendant’s liability was fixed.” Plaintiff is, therefore, entitled to recover interest under CPLR 5001 (a) on the overdue interest and principal payments from the accrual of her action for breach of contract.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 *
 

 Contrary to plaintiffs contention that this appeal is from the amended judgment of Supreme Court, the appeal arises from the Appellate Division order which disposed of all issues in the case and remitted only for ministerial action (see, CPLR 5611;
 
 Matter of Colonial Liq. Distribs. v O’Connell,
 
 295 NY 129, 134;
 
 see also,
 
 Karger, Powers of the New York Court of Appeals § 17 [c], at 80 [3d ed]). Thus, we have no occasion to address the final judgment.