**Deonarine RAMNARAIN, Plaintiff,**

v.

**CITY OF NEW YORK, David Inshiqaq and Elaine Friedman, Defendants.**

**No. 1:04–CV–05058–ENV–RLM.**

United States District Court, E.D. New York.

Feb. 16, 2007.

Edward Sivin, Sivin & Miller, LLP, New York City, for Plaintiff.

Jordan Michael Smith, New York City Law Department, New York City, for Defendants.

David Inshiqaq, St. Albans, NY, Pro se.

## DECISION and ORDER

VITALIANO, District Judge.

Plaintiff Deonarine Ramnarain moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 against *pro se* defendant David Inshiqaq. For the reasons stated below and in the absence of any opposition by Inshiqaq, plaintiff's motion is granted.

### Background

Plaintiff brought this action on November 22, 2004 pursuant to 42 U.S.C. § 1983, alleging that he sustained personal injury at the hands of Inshiqaq, an employee of the defendant City of New York. After the completion of discovery, the parties entered into a stipulation of settlement and dismissal on July 12, 2006, which was so-ordered by this Court on July 17, 2006 and entered on July 18, 2006. Pursuant to the terms of the stipulation, defendant City of New York agreed to pay plaintiff $95,000 in full satisfaction of all claims, and plaintiff agreed to the dismissal of all claims against defendants City of New York and Elaine Friedman. Inshiqaq agreed to pay plaintiff $5,000 in full satisfaction of all claims, and plaintiff agreed to the dismissal of all claims against him. The stipulation did not specify a date by which the payments were to be made. As the non-movant, Inshiqaq would normally enjoy the benefit of the Court's construction of the evidence in the light most favorable to him and the drawing of all inferences in his favor when reviewing this motion for summary judgment. *See Niagara Mohawk Power Corp. v. Jones Chemical, Inc.,* 315 F.3d 171, 175 (2d Cir.2003). As a *pro se* litigant, the Court would also have read Inshiqaq's pleadings "liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Since Inshiqaq has declined to oppose the motion for summary judgment, the Court is restricted to the record before it and the unopposed factual assertions of plaintiff.

According to plaintiff, the City of New York paid him $95,000 on August 10, 2006. Plaintiff further asserts—and nothing in the record before the Court contradicts—that Inshiqaq has not remitted the promised $5,000 to plaintiff. Plaintiff sought to move for summary judgment by letter dated November 11, 2006. This Court ordered a briefing schedule for plaintiff's motion on November 22, 2006, and granted plaintiff an extension on December 19, 2006. In compliance with that briefing schedule, plaintiff served Inshiqaq with the moving papers on December 20, 2006. Opposition papers were to be served on or before January 16, 2007 and reply papers on or before January 19, 2007. By Order dated January 26, 2007 this Court denied plaintiff's motion for summary judgment with leave to renew on the original papers for failure to serve *pro se* Inshiqaq with the "Notice to *Pro Se* Litigants Opposing Summary Judgment" as required by Local Rule 56.2. Plaintiff filed proof of service of the Rule 56.2 notice on January 30, 2007, and Inshiqaq was granted 10 days from the date of service, January 30, 2007, to oppose the renewed motion. As of the date of this Order, Inshiqaq has failed to oppose the motion or respond in any other manner. The Court, therefore, deems plaintiff's motion for summary judgment fully submitted.

### Discussion

█ Plaintiff's motion for summary judgment is, at its essence, a motion for enforcement of the settlement agreement, a contract negotiated, executed, and to be performed in New York. Whether viewed as a request to enforce an order of this Court as within its inherent power or for the Court to exercise supplemental jurisdiction over a state claim pursuant to 28

U.S.C. § 1367, *Federman v. Empire Fire and Marine Ins. Co.,* 597 F.2d 798, 808–12 (2d Cir.1979) (discussing difference between pendant and ancillary jurisdiction), the result is the same. Breach is to be determined and remedied in accordance with the forum state's substantive law of contract and federal procedural law. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78–79, 58 S.Ct. 817, 822–23, 82 L.Ed. 1188 (1938); 28 U.S.C. § 1652; *Hall v. People to People Health Foundation, Inc.,* 493 F.2d 311, 313 n. 3 (2d Cir.1974) ("since the agreement was allegedly made in New York and was to be performed in New York, New York law governs").

## A. Summary Judgment

■ Federal Rule of Civil Procedure 56(c) provides for the grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If the motion is unopposed, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. Proc. 56(e). A fact is "material" for these purposes when it "might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of demonstrating that no issue as to any material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1–800 Bear-*

*gram Co.,* 373 F.3d 241, 242 (2d Cir.2004). *See also Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir.2001) ("when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial").

For the reasons stated below, the Court finds that there is no factual dispute as to whether the parties had a valid settlement agreement and that Inshiqaq failed to perform under that agreement. Plaintiff is thus entitled to summary judgment as a matter of law.

## B. Inshiqaq's Failure to Perform

■ Upon review of the Court's file, it cannot be disputed that the parties agreed to a settlement in exchange for dismissal of all claims and executed a written agreement to that effect. The record further reveals that defendant Inshiqaq fully participated in this litigation, including answering plaintiff's initial and amended complaints, participating in discovery, and attending settlement and pre-motion conferences. On the eve of dispositive motion practice, the parties reached the above-described settlement, which they memorialized in a written agreement. Inshiqaq has neither paid the $5,000 in settlement nor attempted to move to set the settlement agreement aside.

To be sure, plaintiff has met his burden of showing there are no genuine issues of material fact in dispute with respect either to the existence of the settlement, to the amount owed by defendant Inshiqaq, or that the payment is now due and owing.

## C. *Interest*

■ Plaintiff's motion seeks the additional relief of an award of interest from the date the settlement agreement was so-ordered, July 17, 2006. The question of an award of interest before judgment is governed by New York law. *See Schwimmer v. Allstate Ins. Co.,* 176 F.3d 648, 650 (2d Cir.1999) ("The awarding of prejudgment interest is considered a question of substantive law."); *Nu–Life Const. Corp. v. Board of Educ. of City of New York,* 789 F.Supp. 103, 106 (E.D.N.Y.1992) (holding that a contract counterclaim based on pendent jurisdiction was similar to diversity jurisdiction for the purpose of determining prejudgment interest under CPLR § 5001(a)). By demanding interest, plaintiff is asking to be compensated for the loss of use of the $5,000 until this award of summary judgment. *See Spodek v. Park Property Development Associates,* 96 N.Y.2d 577, 581, 733 N.Y.S.2d 674, 676, 759 N.E.2d 760, 762 (N.Y.2001) ("the purpose of awarding interest is to make an aggrieved party whole").

■ New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract", CPLR § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed", CPLR § 5001(b), at the rate of 9% per annum, CPLR § 5004. As noted above, the settlement agreement did not specify a date by which performance was to have been made. Plaintiff argues that his action for breach accrued on July 17, 2006, the day this Court so-ordered the stipulation of settlement. Plaintiff offers no support for this assertion, and the Court is unpersuaded. The date of plaintiff's performance does not dictate the date Inshiqaq's performance was due. Indeed, the City did not perform on July 17th, and, by his own admission, plaintiff did not charge the City interest on the $95,000 it owed. Unable to ascertain the exact date of breach, the Court is guided by the principal that where "no date can be fixed prior to the commencement of the action by which the damages were incurred, the date when the action was commenced should be employed." *Earnest v. Donald Deskey Associates, Inc.,* 312 F.Supp. 1312, 1314 (1970) (interpreting New York law). *See also Conway v. Icahn & Co., Inc.,* 16 F.3d 504, 512 (2d Cir.1994) (holding that where plaintiff could not specify the date damages were incurred, it is "not unreasonable for the [trial] court to choose the date of the commencement of the action in accordance with the New York Rule"); *Collier v. Granger,* 258 F.Supp. 717, 719 (S.D.N.Y.1966) ("the words 'earliest ascertainable date' convince us that the broad purposes sought to be accomplished by § 5001 are best served by a flexible, common sense approach to the question of when the cause of action initially arose."); *Della Pietra v. State,* 125 A.D.2d 936, 510 N.Y.S.2d 334 (4th Dep't 1986) ("Where the precise date from which to fix interest is ambiguous, the date of commencement of the damage action is an appropriate date to choose.") (internal quotations omitted).

An award of interest from the date of commencement is appropriate in this matter. For the purposes of this motion, the Court will interpret the date on which plaintiff served Inshiqaq with the original motion papers as the date of commencement. As of that date, at the latest, Inshiqaq was on notice that his performance under the settlement agreement was overdue. Inshiqaq cannot argue that he was unaware of his obligations; he agreed to the settlement and could have no doubt as to the exact amount he owed plaintiff or that it was due within a reasonable time. Further, Inshiqaq has not offered any reason for his failure to perform under the agreement, much less a good faith basis. He has neither moved to set the agree-

ment aside nor responded to the instant motion. Accordingly, the Court awards plaintiff interest at the rate of 9% per annum from December 20, 2006 to the date of this award of summary judgment.

 Post-judgment interest is awarded as a matter of course in federal courts, *Donovan v. Sovereign Security, Ltd.*, 726 F.2d 55, 58 (2d Cir.1984), and is mandatory for any money judgment, 28 U.S.C. § 1961(a). *See Andrulonis v. U.S.*, 26 F.3d 1224, 1230 (2d Cir.1994) ("Post[-]judgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment."). Accordingly, plaintiff's request for post-judgment interest is granted and is to be calculated as provided in 28 U.S.C. § 1961(a).

### D. *Costs and Disbursements*

Plaintiff neither cites authority for the award of costs and disbursements nor does he specify the amounts so sought.[1] Plaintiff demands "the costs and disbursements of this action", and the Courts treats this as a request for the costs and disbursements related to this enforcement action. The Court has broad discretion in awarding costs pursuant to Federal Rule of Civil Procedure 54(d)(1). *See McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir.1972) ("It is well-settled that under Fed.R.Civ.P. 54(d), the awarding of costs is discretionary with the trial judge."); *Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 472 (E.D.N.Y.1977) ("The almost unreviewable discretion of the district judge to award or to disallow costs to the prevailing party has been uniformly recognized."). Given the procedural history of this litigation and the global nature of the settlement, plain-

tiff's failure to demand payment prior to motion practice, and plaintiff's failure to adhere to the initial briefing schedule as well as to the local rules of the Southern and Eastern Districts regarding notice to a *pro se* party, in the sound exercise of discretion, this Court will not award costs or disbursements.

### Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is granted. Plaintiff is further awarded interest from December 20, 2006 to the date of this Decision and Order at the rate of 9% per annum and post-judgment interest from the date of entry of Judgment to be calculated according to 28 U.S.C. § 1961(a). Plaintiff's application for costs and disbursements is denied. Within ten days, plaintiff is to submit a proposed judgment consistent with this Decision and Order in compliance with Local Civil Rule 77.1.

Plaintiff is further directed to serve defendant Inshiqaq with a copy of this Decision and Order immediately upon receipt.

SO ORDERED.

---

1. Again, the settlement agreement is silent as to payment of attorney's fees, costs and disbursements, and/or costs of enforcement.