In an action for injunctive relief and to recover damages for breach of a covenant not to compete, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered April 11, 2012, as denied their cross motion for summary judgment on the complaint and, in effect, granted the motion of the defendant Sidney Lamm, also known as Sid Lamm, incorrectly treated by the Supreme Court as a motion pursuant to CPLR 3211, for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Mario Boccone cross-appeals, as limited by his brief, from so much of the same order as, in effect, denied his motion, incorrectly treated by the Supreme Court as a motion pursuant to CPLR 3211, for summary judgment dismissing the complaint insofar asserted against him.
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that the order is reversed insofar as cross-appealed from, on the law, and the motion of the defendant Mario Boccone for summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,
Ordered that one bill of costs is awarded to the defendant Mario Boccone, payable by the plaintiffs.
The plaintiffs commenced this action for injunctive relief and *914 to recover damages for breach of a covenant not to compete contained in an agreement of sale. The defendant Mario Boccone and the defendant Sidney Lamm, also known as Sid Lamm, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs cross-moved for summary judgment on the complaint. The Supreme Court denied the plaintiffs’ cross motion for summary judgment on the complaint, in effect, denied Boccone’s motion for summary judgment dismissing the complaint insofar as asserted against him, which the Supreme Court characterized as a motion pursuant to CPLR 3211 to dismiss for failure to state a cause of action, and, in effect, granted Lamm’s motion for summary judgment dismissing the complaint insofar as asserted against him, which the Supreme Court also characterized as a motion pursuant to CPLR 3211 to dismiss for failure to state a cause of action. The plaintiffs appeal, and Boccone cross-appeals.
We note that since Boccone and Lamm moved for summary judgment dismissing the complaint insofar as asserted against each of them, citing to CPLR 3212, the Supreme Court incorrectly treated the motions as having been made pursuant to CPLR 3211.
Boccone and Lamm met their respective prima facie burdens of establishing their entitlement to judgment as a matter of law by showing that they did not breach the covenant not to compete contained in the agreement of sale (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; cf. Indotronix Intl. Corp. v Ayyala, 67 AD3d 643, 644-645 [2009]; Kimble v Dell Broadcasting Corp., 188 AD2d 1035 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact.
We need not reach the plaintiffs’ remaining contentions in light of our determination. Balkin, J.E, Leventhal, Roman and Hinds-Radix, JJ., concur.