# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1144**

**CA 14-00590**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

MANUFACTURERS AND TRADERS TRUST COMPANY,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

NIAGARA FALLS MALL, INC.,
DEFENDANT-APPELLANT-RESPONDENT.

---

PHILLIPS LYTLE LLP, BUFFALO (SEAN C. MCPHEE OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

JAECKLE, FLEISCHMANN & MUGEL, LLP, BUFFALO (CHARLES C. SWANEKAMP OF
COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an amended order and judgment (one paper) of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered January 15, 2014. The amended order and judgment, among other things, granted in part and denied in part the motion of plaintiff for summary judgment and denied the motion of defendant for summary judgment.

It is hereby ORDERED that the amended order and judgment so appealed from is unanimously modified on the law by reducing the annual amount of rental arrears for the period from December 15, 1989 through December 14, 1999 set forth in the 9th ordering paragraph to $10,800, and reducing the annual amount of rental arrears for the period from December 15, 1999 through December 14, 2007 set forth in the 10th ordering paragraph to $39,096, and as modified the amended order and judgment is affirmed without costs.

Memorandum: In 1968, the parties entered into a commercial Lease Agreement for an office building used by plaintiff for a bank branch. The original lease term was 33 years, commencing December 15, 1969 and ending December 14, 2002, with an option for plaintiff to renew for two additional five-year periods. Plaintiff exercised its option to renew for one additional five-year period and its tenancy ended December 14, 2007. The Lease Agreement provided for an annual minimum guaranteed rental, and for adjustments of the rental amount during the 10th, 20th and 30th lease years pursuant to a formula based upon the appraised valuation of the property during the adjustment years. The first 10-year rental adjustment, however, was made pursuant to a separate agreement between the parties rather than the formula set forth in the Lease Agreement.

The 20th-year rental adjustment was not made pursuant to either the formula in the Lease Agreement or any separate agreement between the parties. Plaintiff commenced this action in 1993 seeking, inter alia, a judgment declaring the rights of the parties with respect to the rent to be charged under the Lease Agreement. The action was pending when the 30th year passed without a rental adjustment. The parties thereafter stipulated to have the value of the property determined by three appraisers, as contemplated by the Lease Agreement for the 20th and 30th lease years, which resulted in increased rental amounts pursuant to the formula.

We conclude that Supreme Court properly granted that part of plaintiff's motion seeking summary judgment dismissing the counterclaim alleging breach of the Lease Agreement. Plaintiff met its burden of establishing that it met its obligation to pay rent in accordance with the Lease Agreement, and defendant failed to raise a triable issue of fact (see *Hair Studio 441, Inc. v Boccone*, 104 AD3d 913, 914, *lv denied* 22 NY3d 856). Inasmuch as plaintiff did not breach the Lease Agreement, the court also properly declined to make an award of prejudgment interest to defendant (cf. *Village of Ilion v County of Herkimer*, 23 NY3d 812, 818; *Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581).

Contrary to plaintiff's contention, the court properly declared that defendant is entitled to increased rent for the period from December 15, 1999 through December 14, 2007. Plaintiff's request for declaratory relief was broad enough to encompass that period and, moreover, plaintiff's conduct during the litigation reflects its acquiescence in a rental adjustment for that period. "[A]n action for a declaratory judgment is 'governed by equitable principles' " (*Ken-Vil Assoc. Ltd. Partnership v New York State Div. of Human Rights*, 100 AD3d 1390, 1393, quoting *Krieger v Krieger*, 25 NY2d 364, 370), and we conclude that the court's declaration that plaintiff owes increased rent for that period is consistent with equitable principles.

The court erred, however, in calculating the amount of the 20th- and 30th- year rental adjustments. In construing the provision in the Lease Agreement at issue, our objective is to give the language used by the parties a "fair and reasonable meaning" (*Abiele Contr. v New York City Sch. Constr. Auth.*, 91 NY2d 1, 9-10). We conclude that the construction urged by plaintiff gives the language of that provision such a meaning, while the construction urged by defendant renders meaningless the minimum guaranteed rental provision in the Lease Agreement (see *Matter of Drake v Drake*, 114 AD3d 1119, 1122). We therefore modify the amended order and judgment by reducing the annual amount of rental arrears for the period from December 15, 1989 through December 14, 1999 to $10,800, and the annual amount of rental arrears for the period from December 15, 1999 through December 14, 2007 to $39,096.

Entered: January 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court