Matter of Gould (2019 NY Slip Op 03918)





Matter of Gould


2019 NY Slip Op 03918


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9366 947G/08

[*1]In re David Gould, As Co-Executor of the Estate of Harry Rodman, Deceased.
David Gould, etc., Petitioner-Respondent,
v
Alan Bronstein, et al., Respondents-Appellants.


Bleakley Platt and Schmidt, LLP, White Plains (Vincent W. Crowe of counsel), for appellants.
Sweeney, Reich & Bolz, LLP, Lake Success (Michael Reich of counsel), for respondent.



Decree, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered September 17, 2018, insofar as appealed from as limited by stipulation, awarding petitioner statutory prejudgment interest, unanimously affirmed, without costs.
The Surrogate correctly awarded petitioner statutory prejudgment interest based on the finding that respondents breached the contract embodied in the promissory note (see CPLR 5001[1]). Respondents need not have derived some benefit from petitioner to be required to pay statutory interest; interest is merely compensation of the wronged party for the loss of its money (J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012]).
Respondents' argument that the award of statutory interest based on the unpaid interest due under the promissory note constitutes an improper compounding of interest on interest has been rejected by the Court of Appeals (see NML Capital v Republic of Argentina, 17 NY3d 250, 266-267 [2011]; Spodek v Park Prop. Dev. Assoc., 96 NY2d 577, 580-581 [2001]). The application of statutory interest on unpaid interest properly provides compensation to petitioner for a distinct injury - respondents' failure to make timely interest payments (see NML, at 266-267).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK