Home Depot, U.S.A., Inc. v State of New York (2025 NY Slip Op 03250)

Home Depot, U.S.A., Inc. v State of New York

2025 NY Slip Op 03250

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Friedman, J.P., Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 135210|Appeal No. 4460|Case No. 2024-07804|

[*1]Home Depot, U.S.A., Inc., etc., Claimant-Respondent,
v
The State of New York et al., Defendants-Appellants. 

Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Ronan P. Doherty of counsel), for respondent.

Judgment of the Court of Claims of the State of New York (Richard E. Sise, J.), entered November 21, 2024, to the extent appealed from as limited by the briefs, awarding claimant Home Depot U.S.A., Inc. damages, including pre-judgment interest on the judgment in this action and post-judgment interest on the judgment in the underlying action, unanimously affirmed, without costs.
Home Depot, the general contractor of a roofing project, was sued in federal court by an employee of a subcontractor for injuries the employee suffered while working on the project. Home Depot asserted third-party claims against the subcontractor for contractual and common-law indemnification. In 2018, the federal district court rendered a multimillion-dollar judgment in favor of the employee against Home Depot and a judgment in the same amount in favor of Home Depot on its third-party claims against the subcontractor. On appeal, the Second Circuit affirmed the judgment in favor of Home Depot based solely on its entitlement to contractual indemnification (see Rivera v Home Depot USA, Inc., 776 Fed Appx 4 [2d Cir 2019]). The Second Circuit did not reach the issue of Home Depot's entitlement to common-law indemnification and, therefore, did not address the district court's finding that the employee had suffered a "grave injury" within the meaning of Workers' Compensation Law § 11 (id. at 6).
The subcontractor was covered for the loss in question by an Employers Liability Policy (ELP) issued by defendant The New York State Insurance Fund (SIF). The ELP provides, in pertinent part, that SIF will "pay all sums you legally must pay as damages because of injury to your employees," subject to an exclusion for "liability assumed under a contract."[FN1] On April 8, 2020, after taking an assignment of the subcontractor's rights under the ELP, Home Depot presented SIF with a demand that it pay the federal court judgment against the subcontractor. Upon SIF's refusal to honor the demand, Home Depot, as the assignee of the subcontractor's rights under the ELP, commenced this action for breach of contract against SIF. The Court of Claims determined that the employee had suffered a grave injury and entered judgment against SIF, with prejudgment interest running from April 8, 2020, the date of Home Depot's demand, until February 22, 2024, the date on which the Court of Claims rendered its decision on liability.
"In insurance breach of contract actions, interest is computed from the date of accrual" (Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co., 43 AD3d 23, 34 [1st Dept 2007]; see CPLR 5001). "In contract actions . . . a claim generally accrues at the time of the breach" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]). In this case, the date of breach and accrual was April 8, 2020, the date on which Home Depot demanded payment under the ELP. While Home Depot was required to prove that the employee had suffered a grave injury to prevail on its breach[*2]-of-contract claim against SIF, prejudgment interest is to be computed "from the earliest ascertainable date the cause of action existed" (CPLR 5001[b]), which was the date on which Home Depot presented its demand (see Spodek v Park Prop. Dev. Assoc., 96 NY2d 577, 581 [2001] ["CPLR 5001(a) permits a creditor to recover prejudgment interest . . . from the date each payment became due . . . to the date liability is established"] [emphasis added]; see also Olin Corp. v OneBeacon Am. Ins. Co., 864 F3d 130, 152 [2d Cir 2017] ["An insurer breaches its coverage obligation where it fails to comply with its insured's demand for indemnity. . . . Having been found liable for coverage to (the insured), (the insurer) cannot now benefit from its tactical decision to deny its contractual obligation to indemnify (the insured) for covered losses by avoiding liability for interest. It is not the intention of § 5001(b) that an insurer could deny coverage for years in the face of reasonable demands and then, once it is adjudicated liable, avoid paying any prejudgment interest"]).
Defendants' argument that the court should not have awarded Home Depot post-judgment interest on the federal court judgment from May 4, 2018 until April 7, 2020 is unavailing. The policy covers that liability and the interest thereon, and, contrary to defendants' argument, there has not been any finding that any judgment or interest is not permitted by law or is not covered. To avoid an impermissible double recovery of interest, the court properly directed that the computation of post-judgment interest on the federal court judgment terminate as of April 7, 2020, one day before the commencement of the accrual of pre-judgment interest on the instant judgment, as previously discussed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025

Footnotes

Footnote 1: Because of the exclusion for "liability assumed under a contract," the ELP did not cover the subcontractor's liability for contractual indemnification. However, the subcontractor's liability for common-law indemnification — which required proof of a grave injury under Workers' Compensation Law § 11 — was within the ELP's coverage.